IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**EDGAR COMMODORE**                                                              **PETITIONER**

**V.**                                **NO. 2:10CV022-M-S**

**COMMISSIONER CHRISTOPHER B. EPPS, et al.**                  **RESPONDENT**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Edgar Commodore, inmate number 117154, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

Commodore was convicted of various crimes arising out of the burglary of a residential construction site in the Circuit Court of Desoto County, Mississippi. He was sentenced as an habitual offender to twenty years imprisonment.[1] On October 28, 2008, the Mississippi Court of Appeals affirmed Commodore's convictions and sentences. *See Commodore v. State*, 994 So.2d 864 (Miss. App. 2008). Following the denial of his appeal, Commodore failed to file a motion for rehearing or seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a). He, instead, filed a motion for leave to seek post-conviction relief with the State Supreme Court on December 16, 2009. The Supreme Court denied the motion on January 25, 2010. Commodore then filed this matter on February 16, 2010.[2]

---

[1] The sentences imposed were five years for conspiracy, seven years for burglary, ten years for attempted grand larceny, and twenty years for attempted aggravated assault to be served concurrently.

[2] Since Commodore's federal petition was filed by an attorney, the mailbox rule does not apply to this date. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners).

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Since Commodore failed to pursue a motion for rehearing, the appeals process was stopped. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001). Thus, Commodore's conviction became final fourteen days after the Court of Appeals affirmed his convictions on October 28, 2008. In the absence of any further review, Commodore's sentences and

convictions became final on November 11, 2008, the date on which his time for seeking further review in state court expired.

Commodore, therefore, had one-year or until November 11, 2009, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Commodore did file a petition for post-conviction relief in the Mississippi Supreme Court on December 16, 2009. The petition, however, was not filed on or before November 11, 2009. *See Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). (the period is tolled for the length of time the motion is pending). He, therefore, may not take advantage of the AEDPA's tolling provision.

In response to the Respondents' motion to dismiss, Commodore contends that his petition is timely. Referring to pursuing a petition for writ of certiorari to the United States Supreme Court, Commodore argues that the judgment did not become final until 90 days after the Court of Appeals affirmed the convictions. Commodore's argument is misplaced.

A writ of certiorari is used to review a judgment "entered by a state court of last resort . . . within 90 days after entry of the order denying discretionary review." *See* U.S. Sup. Ct. R. 13.1; *Bulter v. Caine*, 533 F.3d 314, 317 (5th Cir. 2008). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final 90 days after the highest court's judgment is entered. *Roberts*, 319 F.3d at 694. If the prisoner stops the appeal process before that point, the conviction becomes final when the time for seeking further review in state court expires. *Id*. A prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not "properly presented" his claims to the state court. *O'Sullivan v. Boerckel*, 526 U.S. 838 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

As noted *supra*, the Court of Appeals affirmed Commodore's judgment. By failing to seek discretionary review as provided by M.R.A.P. 40(a), Commodore stopped the appeal process and was unable to, even if he was so inclined, pursue further direct review by either the Mississippi Supreme Court of by the United States Supreme Court. *See Evans v. Caskey*, No. 4:10CV21DPJ-

FKB, 2010 WL 2133912 at *2 (S.D. Miss. May 7, 2010) (same conclusion). Accordingly, Commodore's conviction became final fourteen days, not 90 days, after the Mississippi Court of Appeals' decision.

The petition is untimely unless he can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). This court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).

Commodore does not allege he is entitled to equitable tolling. For these reasons, the petition is untimely. Consequently, it will be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

THIS the 9th day of December, 2010.

> **/s/ MICHAEL P. MILLS**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**
> **NORTHERN DISTRICT OF MISSISSIPPI**