IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EDGAR L. COMMODORE, JR.                                           PETITIONER

V.                                                                  NO. 3:15-CV-156-DMB-JMV

STATE OF MISSISSIPPI                                              RESPONDENT

**REPORT AND RECOMMENDATION**

      This matter is before the court to consider the petitioner's claim pursuant to Fed. R. Civ. P. 60(b)(6) to set aside District Judge Michael Mills' Order dated December 9, 2010. That Order dismissed petitioner's initial habeas filing as procedurally time barred. For the reasons discussed below, the undersigned recommends that the Rule 60(b)(6) motion be denied.

*Relevant Procedural History*

      Petitioner was sentenced in state court on December 14, 2005. He subsequently retained appellate counsel. His conviction was affirmed by the Mississippi Court of Appeals on October 28, 2008. Doc. #1 at 2. His counsel did not seek rehearing. More than one year and fourteen days after the decision of the Mississippi Court of Appeals, petitioner's counsel filed, on April 27, 2015, an appeal to the Mississippi Supreme Court to seek postconviction relief, alleging ineffective assistance of trial counsel. Doc. #15 at 7. The Mississippi Supreme Court denied the relief sought, finding petitioner's claim of ineffective assistance of counsel to be time barred and barred under *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. #15-9. Then, on February 6, 2010, petitioner, through appellant counsel, filed an initial habeas petition asserting, among other things, ineffective assistance of trial counsel. *Commodore v. Epps*, No. 2:10CV022-M-S, 2010 WL 5114233, at 1 (N.D. Miss. Dec. 9, 2010). The habeas petition was attacked by the State on the procedural ground that it was untimely since it was filed more than the one year and fourteen days after the Mississippi

1

Court of Appeals affirmed his conviction. *Id.* Following briefing, District Judge Mills found that the petition was indeed untimely and dismissed it. *Id.* He explained:

> Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Since Commodore failed to pursue a motion for rehearing, the appeals process was stopped. Thus, Commodore's conviction became final fourteen days after the Court of Appeals affirmed his convictions on October 28, 2008. In the absence of any further review, Commodore's sentences and convictions became final on November 11, 2008, the date on which his time for seeking further review in state court expired.
> …Commodore did file a petition for post-conviction relief in the Mississippi Supreme Court on December 16, 2009. The petition, however, was not filed on or before November 11, 2009.…
> In response to the Respondents' motion to dismiss, Commodore contends that his petition is timely. Referring to pursuing a petition for writ of certiorari to the United States Supreme Court, Commodore argues that the judgment did not become final until 90 days after the Court of Appeals affirmed the convictions. Commodore's argument is misplaced.
> A writ of certiorari is used to review a judgment "entered by a state court of last resort ... within 90 days after entry of the order denying discretionary review." When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final 90 days after the highest court's judgment is entered. If the prisoner stops the appeal process before that point, the conviction becomes final when the time for seeking further review in state court expires. *Id.* A prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not "properly presented" his claims to the state court.
> As noted *supra,* the Court of Appeals affirmed Commodore's judgment. By failing to seek discretionary review as provided by M. R. A. P. 40(a), Commodore stopped the appeal process and was unable to, even if he was so inclined, pursue further direct review by either the Mississippi Supreme Court of by the United States Supreme Court. Accordingly, Commodore's conviction became final fourteen days, not 90 days, after the Mississippi Court of Appeals' decision.
> The petition is untimely unless he can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. This court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling."
> Commodore does not allege he is entitled to equitable tolling. For these reasons, the petition is untimely. Consequently, it will be dismissed with prejudice…

*Commodore v. Epps*, No. 2:10CV022-M-S, 2010 WL 5114233, at 1–3 (N.D. Miss. Dec. 9, 2010)(citations omitted).

The Fifth Circuit Court of Appeals denied Petitioner a certificate of appealability on August 29, 2011. Doc. # 15-7. *Nearly four years later*, petitioner, acting *pro se*, filed a motion for out of time rehearing in the Mississippi Supreme Court, which was ultimately denied. Doc. #15-12. Then on September 17, 2015, petitioner filed, *pro se*, his second habeas petition. Doc. #1. Approximately two years after that—***approximately 7 years after Judge Mill's decision*** denying habeas on timeliness grounds and *over 6 years after the 5th circuit denied a certificate of appealability*— petitioner, through new counsel, amended his second habeas petition to, among other things, seek to set aside Judge Mills' prior Order pursuant to Rule 60(b)(6). In support of the motion, petitioner asserts that Judge Mills' Order should be set aside because it was occasioned by his counsel's grossly negligent failure to properly calculate the time for filing his initial habeas petition. *See* Doc. #14, Amended and Supp. Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 at 17, Commodore v. State, 3:15-cv-156-DMB-JMV ("[T]he dismissal of Petitioner's prior habeas on procedural grounds alone, due solely to the gross negligence of his counsel, warrants extraordinary relief under FRCP 60 (b).").

*The Law*

*The AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), which was signed into law on April 24, 1996, amended habeas corpus procedure in several ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation. In relevant part, it reads:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…

> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(West).

*State Court Appeals*

A defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Failure to pursue a motion for rehearing following a decision by the Mississippi Court of Appeals stops the appeal process. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Duplantis v. Booker*, 273 F.3d 392 (5th Cir. 2001). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the court's judgment is entered. *Roberts*, 319 F.3d at 694. If, however, the prisoner stops the appeal process before that point, the conviction becomes final when the time for seeking further review in state court expires. *Id.*

*Rule 60(b)(6)*

A Rule 60(b)(6) motion must be made within a reasonable time unless good cause can be shown for the delay. *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). Moreover, to succeed on a Rule 60(b)(6) motion, the movant must show that extraordinary circumstances exist to justify reopening of a final judgment. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); Fed. R. Civ. P. 60(c)(1). Timeliness is measured as of the point when the moving party has grounds to make a Rule 60(b) motion. 379 F.3d at 283. In determining whether extraordinary circumstances are present in a particular case, the court may consider a number of factors including: the diligence of the movant, the probable merit of the movant's underlying claims, the opposing party's reliance interest in the finality of the judgment, and other equitable considerations. *Gonzalez v. Crosby*, 545 U.S. 524, 540 (2005).

*Analysis*

In the instant case, ineffective assistance of appellate counsel is the basis upon which petitioner, through counsel, seeks to set aside Judge Mills' decision. The alleged ineffective assistance of counsel—namely failing to accurately calculate the date by which to file the initial habeas petition—was available since the order detailing the inaccurate calculation was handed down, on December 9, 2010. Moreover, no explanation for the approximate seven years elapsed since the date of Judge Mills' Order, and the filing the Rule 60(b) motion, is offered.[1] In the absence of good cause for the delay, or a showing of extraordinary circumstances, a motion pursuant to Rule 60(b) is simply without merit. Such is the case here, where the alleged negligence of petitioner's counsel in calculating the date for filing his first habeas petition was spelled out by Judge Mills in his December 2010 Order, yet petitioner's motion to set aside Judge Mills' order, based on that alleged negligence, was not filed for nearly seven years.

*Recommendation*

Accordingly, the motion to set aside under Rule 60(b)(6) is recommended to be denied.

*Procedure for Filing Objections*

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal

---

[1] *See Jennings v. Davis*, No. H-09-219, 2019 WL 280958, at 2 (S.D. Tex. Jan. 22, 2019), *aff'd,* 760 F. App'x 319 (5th Cir. 2019), *cert. denied,* 139 S. Ct. 953, 203 L. Ed. 2d 142 (2019)(finding 60(b) motion filed five years and eight months after the grounds for the claim arose untimely).

conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

    Respectfully submitted, this the 11th day of June, 2019.


                                     /s/ Jane M. Virden
                                     UNITED STATES MAGISTRATE JUDGE